UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0300-CAS (AJWx) | Date | May 31, 2013 |
|---|---|---|---|
| Title | MARTIN VOGEL, ET AL. V. AUTOZONE PARTS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** (In Chambers:) PLAINTIFF'S MOTION TO STRIKE DEFENDANT AUTOZONE'S AFFIRMATIVE DEFENSES (filed April 9, 2013) [Dkt. No. 17]

## I.  INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 3, 2013, is vacated, and the matter is hereby taken under submission.

On January 15, 2013, plaintiff Martin Vogel filed suit against defendants AutoZone Parts, Inc. dba AutoZone #2863 ("Autozone"), and Gerald I. Fein and Joyce E. Fein, Trustees of the Fein Family Trust. Dkt. No. 1. Plaintiff alleges that he is a T-3 paraplegic and requires the use of a wheelchair when traveling in public. Compl. ¶ 8. On an unspecified date, plaintiff alleges that he visited an AutoZone store located at 11104 Ramon Boulevard in El Monte, California, and encountered numerous physical and intangible barriers that interfered with his ability to use and enjoy the goods, services, and privileges offered at the store. Id. ¶ 10. Plaintiff asserts claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"); California Disabled Persons Act, Cal. Civil Code § 54.1; Unruh Civil Rights Act, Cal. Civil Code § 51; and Cal. Health and Safety Code § 19955 et seq..

Defendant AutoZone filed an answer to plaintiff's complaint on March 19, 2013. On April 9, 2013, plaintiff moved to strike the affirmative defenses asserted in defendant's answer. Dkt. No. 17. Defendant opposed the motion on May 13, 2013, and plaintiff replied on May 20. Plaintiff's motion is presently before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0300-CAS (AJWx) | Date | May 31, 2013 |
|---|---|---|---|
| Title | MARTIN VOGEL, ET AL. V. AUTOZONE PARTS, INC., ET AL. | | |

**II.  LEGAL STANDARD**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f).  Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous."  A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material.  The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law.  Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974).  The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

Under Federal Rule of Civil Procedure 8, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City National Bank, 607 F.2d 824 (9th Cir. 1979); see Fed. R. Civ. P. 8(a)(2) ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it . . . .").  To meet this lenient "fair notice" standard, a defendant need only state "the nature and grounds for the affirmative defense."  See, e.g., Vogel v. Linden Optometry APC, CV 13-0295, 2013 WL 1831686 (C.D. Cal. Apr. 30, 2013); Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012).[1]

---

[1] The Court rejects plaintiff's suggestion that the pleading standards articulated by the Supreme Court in Twombly and Iqbal should apply to the pleading of affirmative defenses.  Although district courts have split on the issue as to whether these decisions should apply to the pleading of affirmative defenses, the Ninth Circuit has continued to recognize the validity of the "fair notice" standard in the context of pleading affirmative defenses even after Twombly and Iqbal.  See Simmons v. Navajo, 609 F.3d 1011, 1023 (9th Cir. 2010); see also Linden Optometry, 2013 WL 1831686, at *3 (collecting cases). Plaintiff offers no compelling reason as to why the Court should depart from the "fair notice" standard in the absence of further guidance from the Ninth Circuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0300-CAS (AJWx) | Date | May 31, 2013 |
|---|---|---|---|
| Title | MARTIN VOGEL, ET AL. V. AUTOZONE PARTS, INC., ET AL. | | |

### III. ANALYSIS

At the outset, the Court rejects plaintiff's suggestion that defendant's opposition should be disregarded as untimely. Plaintiff selectively quotes and thereby misreads Local Rule 7-9 in arguing that defendant's opposition to plaintiff's motion is untimely. In relevant part, this rule provides that "[e]ach opposing party shall, not later than ten (10) days after service of the motion *in the instance of a new trial motion* and not later than twenty-one (21) days before the date designated for the hearing of the motion *in all other instances*," file an opposition brief. Id. (emphasis added). Because plaintiff's motion is plainly not a motion for a new trial, defendant's opposition is timely. Plaintiff's argument for not considering defendant's opposition is without merit.

Next, plaintiff moves to strike a number of defendant's affirmative defenses on the grounds that these defenses are "legally insufficient under any set of facts." In addition, plaintiff moves to strike purported "non-affirmative" defenses that plaintiff contends are in fact elements of plaintiff's prima facie case, rather than affirmative defenses.

Having reviewed the parties' submissions, the Court finds that the affirmative defenses in defendant's answer should not be stricken, as defendant has provided plaintiff with "fair notice" of the grounds for the defenses asserted therein. Indeed, plaintiff's motion is premised on his argument that defendant must assert affirmative defenses that are "plausible" on their face, an argument that misapplies the "fair notice" standard articulated by the Ninth Circuit in Wyshak. Each of defendant's affirmative defenses provides plaintiff fair notice of the grounds for the defense, which is sufficient to allow plaintiff to investigate the basis for these various defenses to the extent that discovery is required.

Even if any of these affirmative defenses were "legally insufficient" as a matter of law or pleading—which the Court does not find to be the case here—plaintiff has not demonstrated any prejudice that will result as a result of the inclusion of these defenses in defendant's answer. Defendant's affirmative defense that the Court lacks supplemental jurisdiction over plaintiff's state law claims, or that the complaint fails to state a claim upon which relief may be granted, for example, do not prejudice plaintiff in any way or require plaintiff to engage in potentially spurious discovery. As to the other defenses, once the parties have had an opportunity to engage in discovery, plaintiff's arguments

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0300-CAS (AJWx) | Date | May 31, 2013 |
|---|---|---|---|
| Title | MARTIN VOGEL, ET AL. V. AUTOZONE PARTS, INC., ET AL. | | |

may be addressed by way of a motion for summary judgment. Moving to strike now does nothing to streamline the course of this litigation.

### IV. CONCLUSION

In accordance with the foregoing, plaintiff's motion to strike defendant AutoZone's affirmative defenses is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |